Gene KEANE and Darlene Keane, Plaintiffs-Appel-
lants, †

v.

AUTO-OWNERS INSURANCE CO., a foreign
insurance corporation, and Walter Raymond Moore,
Jr., Defendants,

GENERAL CASUALTY COMPANY OF WISCON-
SIN, a domestic insurance corporation, Defendant-
Respondent.

Court of Appeals

*No. 88-2404. Submitted on briefs June 22, 1989.—Decided July
25, 1989.*

(Also reported in 445 N.W.2d 715.)

† Petition to review granted.

For plaintiffs-appellants there were briefs by *Kirk Reese* of *Eckert Law Office,* Rhinelander.

For defendant-respondent there was a brief by *Thomas N. Harrington* and *Paul J. Hinkfuss* of *Cook & Franke, S.C.,* Milwaukee.

Before Cane, P.J., LaRocque and Myse, JJ.

MYSE, J. Gene and Darlene Keane appeal a summary judgment and an order dismissing their claim for uninsured motorist benefits against General Casualty Company. The Keanes argue that a Michigan vehicle carrying liability insurance with policy limits of $20,000 per person is an uninsured vehicle because the policy did not provide the minimum amount of liability coverage required under Wisconsin law. Alternatively, the Keanes argue that the Michigan vehicle was uninsured because the Michigan vehicle's policy provisions requiring that its policy limits meet the minimum required by any state in which an accident occurs apply only to states that mandate coverage, and Wisconsin does not require mandatory liability insurance coverage. Because we conclude that the Michigan vehicle's policy increases coverage to meet the minimum policy limits required by Wisconsin law, the Michigan vehicle was not uninsured for uninsured motorist coverage purposes. Therefore, we affirm.

This case arises from an automobile accident that occurred in Wisconsin involving a vehicle driven by Patrick J. Keane, Gene and Darlene's son, and a Michigan vehicle operated by Walter R. Moore, Jr. Patrick was

killed in the accident. Auto-Owners Insurance Company provided liability insurance coverage to Moore. The policy limits were $20,000 per person and $40,000 per occurrence. It is undisputed that the Keanes sustained damages substantially greater than the maximum liability policy limits existing on the Moore vehicle.

The Keanes filed a claim against their insurance company, General Casualty, based upon the uninsured motorist provisions of that policy. The General Casualty policy defined an uninsured vehicle as

> a land motor vehicle or trailer of any type:
>
> 1. To which no bodily injury liability bond or policy applies at the time of the accident.
>
> 2. To which a bodily injury liability bond or policy applies at the time of the accident but its limit for bodily injury liability is less than the minimum limit for bodily injury liability specified by the financial responsibility law of the state in which your covered auto is principally garaged.

The Auto-Owners policy provided the following regarding its liability policy limits:

> 20. FINANCIAL RESPONSIBILITY LAWS; COMPULSORY INSURANCE LAWS. Such insurance as is afforded by this policy under Coverages A and B [A is bodily injury, B is property damage liability] shall comply with the provisions of the motor vehicle financial responsibility law of any state or province to the extent of the coverage and limits of liability required by such law.

■■

The issue is whether the Moore vehicle was uninsured for the purpose of the Keanes' uninsured motorist coverage. This issue involves the interpretation of the

two contracts. Because this is a question of law, we owe no deference to the trial court's determination. *Heritage Mut. Ins. Co. v. St. Paul Mercury Ins. Co.,* 141 Wis. 2d 141, 145, 413 N.W.2d 664, 666 (Ct. App. 1987).

The Keanes argue that in Wisconsin, where their son's vehicle was principally garaged, state law requires that where a liability auto insurance policy is issued, it must provide at least $25,000 in coverage. *Wood v. American Family Mut. Ins. Co.,* 148 Wis. 2d 639, 653–54, 436 N.W.2d 594, 600 (1989); sec. 344.33, Stats. Because the Auto-Owners liability policy on the Moore vehicle contains a $20,000 per person policy limit, the Keanes argue it is an uninsured vehicle as General Casualty's policy defines that term. General Casualty contends that Moore is not uninsured because the Auto-Owners policy increases its liability coverage to the amount required by Wisconsin law. In response, the Keanes argue that the Auto-Owners provision increasing coverage does not apply because Wisconsin does not require all drivers to obtain liability insurance.

■

We reject the Keanes' argument. The Auto-Owners policy clearly provides for an increase of liability coverage where state law requires more coverage than is provided in its policy. Although Wisconsin law may not require drivers to obtain liability insurance coverage, it does mandate $25,000 liability limits on all policies issued. Thus, under the terms of its coverage, Auto-Owners was obligated to provide a minimum of $25,000 in liability coverage. The Auto-Owners policy provided $25,000 worth of liability coverage for the Keanes' claims. Because the Moore vehicle was not an uninsured motor vehicle as that term is defined in General Casualty's policy, we affirm the trial court's dismissal of the

Keanes' claim against General Casualty for uninsured motorist benefits.

*By the Court.*—Judgment and order affirmed.